FILED 21 AUG '18 17:44 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:17-cr-00435-JO |
| v. | SUPERSEDING INDICTMENT |
| JODY TREMAYNE WAFER,<br>TRENT LAMAR KNIGHT,<br>BRITTANY LESANTA KIZZEE,<br>RALEIGH DRAGON LAU,<br>PAUL EUGENE THOMAS,<br><br>Defendants. | 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii),<br>(b)(1)(B)(vii); 846; 856(c)<br>18 U.S.C. § 1201(a)(1)<br>18 U.S.C. § 1951(a)<br>18 U.S.C. § 1956(a)(1)(B)(i & ii) and (h)<br>18 U.S.C. § 922(g)<br><br>Forfeiture Allegations<br><br>UNDER SEAL |

THE GRAND JURY CHARGES:

### COUNT 1
**(Conspiracy to Manufacture, Possess with the Intent to Distribute, and Distribute Marijuana, and to Maintain Drug-Involved Premises)**
**(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(vii), 856(c) and 846)**

Beginning on an unknown date and continuing until an unknown date but ending no earlier than December 2017, in the District of Oregon and elsewhere, defendants, **JODY TREMAYNE WAFER, TRENT LAMAR KNIGHT, BRITTANY LESANTA KIZZEE, RALEIGH DRAGON LAU,** and **PAUL EUGENE THOMAS,** and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and

agree with each other and other persons whose identities are known and unknown to the Grand Jury to commit the following objects in violation of Title 21, United States Code, Section 846:

### Objects of the Conspiracy

A. **Manufacturing Marijuana**: The conspirators agreed to manufacture 1,000 marijuana plants or more, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).

B. **Possession with the Intent to Distribute Marijuana**: The conspirators agreed to possess with intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii).

C. **Distribution of Marijuana**: The conspirators agreed to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii).

D. **Maintaining Drug-Involved Premises**: The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of manufacturing, possessing and distributing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 856(c).

### Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. It was a part of this conspiracy that defendants and other coconspirators, whose identities are known and unknown to the grand jury, manufactured, grew, harvested and stored

marijuana in commercial facilities, residences, apartments, and storage units in Portland, Oregon and elsewhere.

2.    It was part of this conspiracy that defendants and other coconspirators, whose identities are known and unknown to the grand jury, transported and arranged for couriers to transport, marijuana within Oregon and from Oregon to other States including Texas and Virginia.

3.    In was part of this conspiracy that defendants and other coconspirators, whose identities are known and unknown to the grand jury, obtained and maintained vehicles and a horse trailer to transport marijuana and drug proceeds in a manner to avoid detection by law enforcement.

4.    It was part of this conspiracy that defendants and other coconspirators, whose identities are known and unknown to the grand jury, used the U.S. mail and commercial shipping to send marijuana and to receive drug proceeds.

5.    In was part of this conspiracy that defendants and other coconspirators, whose identities are known and unknown to the grand jury, communicated using cellular telephones to further the conspiracy.

6.    It was part of this conspiracy that defendants and other coconspirators, whose identities are known and unknown to the grand jury, transported bulk U.S. currency in luggage belonging to passengers on airplanes and used financial institutions to pay for marijuana, the rental of facilities, the purchase of vehicles and the payment of operating expenses.

7.   It was part of this conspiracy that defendants and other coconspirators, whose identities are known and unknown to the grand jury, used firearms to protect their marijuana and to threaten individuals believed to have taken their marijuana.

## COUNT 2
### (Possession with the Intent to Distribute Marijuana)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii))

On or about November 8, 2017, in the District of Oregon, defendants **JODY TREMAYNE WAFER** and **BRITTANY LESANTA KIZZEE** did unlawfully and knowingly possess with the intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii).

## COUNT 3
### (Manufacturing Marijuana)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii))

On or about December 21, 2017, in the District of Oregon, defendants **RALEIGH DRAGON LAU** and **PAUL EUGENE THOMAS** did unlawfully and knowingly manufacture 1,000 marijuana plants or more, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).

## COUNT 4
### (Conspiracy to Commit the Laundering of Monetary Instruments)
### (18 U.S.C. §§ 1956(a)(1)(B)(i & ii) and (h))

Beginning on a date unknown and continuing until December 2017, within the District of Oregon, the State of Texas and elsewhere, defendants **JODY TREMAYNE WAFER, BRITTANY LESANTA KIZZEE, RALEIGH DRAGON LAU,** and **PAUL EUGENE THOMAS** and other persons whose identities are known and unknown to the grand jury, did

knowingly combine, conspire, confederate and agree to knowingly conduct financial transactions involving proceeds from the Unlawful Distribution of a Controlled Substance, that is, marijuana, a specified unlawful activity affecting interstate commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

a. knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of a specified unlawful activity, and

b. knowing the transactions were designed in whole or in part to avoid a transaction reporting requirement under State or Federal law.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i & ii) and (h).

## COUNT 5
### (Laundering of Monetary Instruments)
### (18 U.S.C. § 1957)

On or about July 19, 2017, within the District of Oregon, and elsewhere, **JODY TREMAYNE WAFER,** defendant herein, did knowingly engaged in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater $10,000, that is, on or about July 19, 2017, defendant made a payment of $49,000 in cash toward the purchase of a 2017 Dodge Charger Hellcat that had a purchase price of $83,891.75, using property having been derived from specified unlawful activity, that is, the Unlawful Distribution of a Controlled Substance, that is, marijuana.

All in violation of Title 18, United States Code, Sections 1957.

/ / / /

/ / / /

## COUNT 6
### (Interference with Commerce by Threats and Violence)
### (18 U.S.C. § 1951(a))

1.	At all times material to this Superseding Indictment, Public Storage and S.R. were engaged in the commercial activity of renting public storage units, in interstate commerce, an industry which affects interstate and foreign commerce.

2.	That at all times material to this Superseding Indictment **JODY TREMAYNE WAFER** and **TRENT LAMAR KNIGHT** were engaged in drug trafficking, in interstate commerce, an industry which affects interstate and foreign commerce.

3.	On or about December 2, 2017, in the District of Oregon, defendants **JODY TREMAYNE WAFER** and **TRENT LAMAR KNIGHT**, did knowingly and unlawfully obstruct, delay, and affect, and did attempt and conspire to knowingly and unlawfully obstruct, delay and affect, commerce by robbery, and did threaten physical violence to any person and property in furtherance thereof, to wit: by taking keys from the person and presence of S.R., against his will by means of actual and threatened force, violence, and fear of injury, and by threatening to kill S.R. unless S.R. told the defendants who took defendants' marijuana;

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 7
### (Kidnapping)
### (18 U.S.C. § 1201(a))

On or about December 2, 2017, within the District of Oregon, defendants **JODY TREMAYNE WAFER** and **TRENT LAMAR KNIGHT**, did unlawfully and willfully seize, confine, kidnap, abduct and carry away and hold for ransom, reward and otherwise a person, S.R., and, in committing and in furtherance of the offense, traveled in interstate commerce from

Houston, Texas, to Portland, Oregon, and used a means, facility and instrumentality of interstate commerce in committing and in furtherance of the commission of the offense, that is, commercial airlines, a hotel, a rental vehicle, and cellular telephones;

In violation of Title 18, United States Code, Section 1201(a)(1).

### COUNT 8
### (Using and Carrying a Firearm During and In Relation to a Crime of Violence)
### (18 U.S.C. §§ 924(c)(1)(A)(i) and (ii))

On or about December 2, 2017, within the District of Oregon, defendants **JODY TREMAYNE WAFER** and **TRENT LAMAR KNIGHT**, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Interference with Commerce by Threats and Violence, in violation of Title 18, United States Code, Section 1951(a), as set forth in Count 6, and Kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1), as set forth in Count 7, did knowingly use and carry firearms, to wit: a Smith and Wesson .40 caliber, model SW40VE, serial number DUM5263 and a Taurus Millennium G2, model PT11G2, serial number TKT90718;

The grand jury further alleges that in committing the offense the defendants did brandish the firearms;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii).

### COUNT 9
### (Using and Carrying a Firearm During and In Relation to a Drug Trafficking Crime)
### (18 U.S.C. §§ 924(c)(1)(A)(i) and (ii))

On or about December 2, 2017, within the District of Oregon, defendants **JODY TREMAYNE WAFER** and **TRENT LAMAR KNIGHT**, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is,

Conspiracy to Manufacture, Possess with the Intent to Distribute, and Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1) and 846, as set forth in Count 1, did knowingly use and carry firearms, to wit: a Smith and Wesson .40 caliber, model SW40VE, serial number DUM5263 and a Taurus Millennium G2, model PT11G2, serial number TKT90718;

The grand jury further alleges that in committing the offense the defendants did brandish the firearms;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii).

### COUNT 10
### (Conspiracy to Use and Carry a Firearm During and In Relation to a Crime of Violence)
### (18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) and (o))

From a date unknown up to and including December 2, 2017, within the District of Oregon and elsewhere, defendants **JODY TREMAYNE WAFER** and **TRENT LAMAR KNIGHT**, and others unknown, did knowingly and willfully combine, conspire, confederate and agree to use, carry and brandish firearms, to wit: a Smith and Wesson .40 caliber, model SW40VE, serial number DUM5263 and a Taurus Millennium G2, model PT11G2, serial number TKT90718, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Interfernce with Commerce by Threats and Violence, in violation of Title 18, United States Code, Section 1951(a), as set forth in Count 6, and Kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1), as set forth in Count 7, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii).

All in violation of Title 18, United States Code, Section 924(o).

/ / / /

## COUNT 11
### (Conspiracy to Use and Carry a Firearm During and In Relation to a Drug Trafficking Crime)
### (18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) and (o))

From a date unknown up to and including December 2, 2017, within the District of Oregon and elsewhere, defendants **JODY TREMAYNE WAFER** and **TRENT LAMAR KNIGHT**, and others unknown, did knowingly and willfully combine, conspire, confederate and agree to use, carry and brandish firearms, to wit: a Smith and Wesson .40 caliber, model SW40VE, serial number DUM5263 and a Taurus Millennium G2, model PT11G2, serial number TKT90718, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, Conspiracy to Manufacture, Possess with the Intent to Distribute, and Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1) and 846, as set forth in Count 1, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii).

All in violation of Title 18, United States Code, Section 924(o).

## COUNT 12
### (Felon in Possession of a Firearm)
### (18 U.S.C. § 922(g)(1))

On or about December 21, 2017, in the District of Oregon, defendant **PAUL EUGENE THOMAS,** having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, specifically:

(1)     Robbery in the Second Degree, on or about November 13, 2000, in the State of

Oregon, Multnomah County Circuit Court,

did knowingly and unlawfully possess the following firearm:

(1)  A Ruger 9mm handgun, serial number 337-75719;

which firearm had previously been shipped or transported in interstate or foreign commerce;

In violation of Title 18, United States Code, Section 922(g)(1).

### FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts 1, 2 and 3 of this Superseding Indictment, defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

### SECOND FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 4 and 5 of this Superseding Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the money laundering offenses and all property traceable to such property.

### THIRD FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 6 and 7 of this Superseding Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to the said violations.

### FOURTH FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 8, 9, 10, 11, and 12 of this Superseding Indictment, defendants shall forfeit to the United States pursuant to 18 U.S.C. §

924(d) and 28 U.S.C. § 2461(c), all firearms, ammunition and accessories involved in or used in the commission of the offenses.

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: August 21, 2018                               A TRUE BILL.



OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

_____
WILLIAM M. NARUS, CAB #243633
Assistant United States Attorney