Barry W. Engle, OSB 960598
Barry W. Engle PC
12901 SE 97th Avenue, Suite 395
Clackamas, OR 97015
(503) 224-2171
barry@benglelegal.com

      Attorney for Defendant Jody Tremayne Wafer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | Case No. 3:17-cr-00435-RJ |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| JODY TREMAYNE WAFER, | ) | |
| | ) | |
| Defendant. | ) | |

      DEFENDANT by and through his attorney Barry W. Engle moves this court for consideration of the following points and authorities in regard to sentencing.

**Sentencing Guidelines are Advisory**

      Following the United States Supreme Court decision in *United States v. Booker*, 543 US 220 (2005), the United States Sentencing Guidelines are advisory in nature. In *Booker*, the Court held that the imposition of an enhanced sentence under the federal sentencing guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant violated the Sixth Amendment. The Court reasoned that an advisory guideline system, while

1  -  DEFENDANT'S SENTENCING MEMORANDUM

lacking the mandatory features that Congress enacted, retains other features that help to further congressional objectives, including providing certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities, and maintaining sufficient flexibility to permit individualized sentences when warranted.  The Court concluded that an advisory guideline system would "continue to move sentencing in Congress's preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary."  *Id.*  at 264-65.

The District Court should calculate and consider the guidelines when sentencing, even in an advisory guidelines system.  *See* 18 USC §3553 (a)(4), (a)(5), *Booker*, 543 US at 264 ("The district courts, while not bound to apply the Guidelines must … take them into account when sentencing."); *Rita v. United States*, 551 US 338.  The district court, in determining the appropriate sentence in a particular case, therefore, must consider the properly calculated guideline range, the grounds for departure provided in the policy statements, and then the factors under 18 USC §3553 (a).  *See Rita*, 551 US at 351.  Then the court is authorized to impose a reasonable sentence considering the traditional criteria for sentencing and the needs of the parties involved as detailed in 18 USC §3553 (a), below.

    18 USC §3553 (a) provides:

(a) The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant

2  -  DEFENDANT'S SENTENCING MEMORANDUM

(2) the need for the sentence imposed
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct
   (C) to protect the public from further crimes of the defendant
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range established for –
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (…)

(5) any pertinent policy statement issued by the Sentencing Commission (…)

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

DATED this 7 January 2020.

                                                          BARRY W. ENGLE PC

                                                         s/ Barry W. Engle
`                                               Barry W. Engle
                                                  OSB No.:  960598
                                                  barry@benglelegal.com
                                                  Attorney for Defendant

3 -  DEFENDANT'S SENTENCING MEMORANDUM