IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JODY TREMAYNE WAFER, ) <br> ) <br> ) <br> Defendant. ) | No. 3:17-cr-00435-JO-1 <br><br><br> OPINION AND ORDER |

JONES, J.

Defendant Jody Tremayne Wafer pleaded guilty to use of a firearm in furtherance of a drug trafficking crime and to conspiracy to distribute marijuana. I sentenced Defendant to 84 months in prison on the firearm count and to no time in prison on the marijuana count.

On December 15, 2020, using a prison-issued form, Defendant moved to vacate his conviction under 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel. ECF No. 258. I denied his motion and did not issue a certificate of appealability. ECF Nos. 267, 269. Defendant filed this new motion to vacate his conviction under 28 U.SC. § 2255, again claiming he received ineffective assistance of counsel. ECF No. 281. The government then filed a motion to dismiss Defendant's motion because it is a second or successive motion, was filed more than one year after his judgment became final and was time barred, and because Defendant did not receive certification from the Ninth Circuit to file a second or successive petition pursuant to § 2255(h). ECF No. 283. Defendant filed a reply arguing that he had not filed an

1   - OPINION AND ORDER

earlier § 2255 motion and that the government's conduct was outrageous. ECF No. 290. For the following reasons, I grant the government's motion (ECF No. 283) and dismiss Defendant's renewed motion. ECF No. 281.

## LEGAL STANDARDS

Under 28 U.S.C. § 2255, a federal prisoner may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). To prevail on a motion under § 2255, a defendant must show that an error of constitutional magnitude occurred and that the error had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

The right to file such a motion has limits. Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255 also limits the ability to file a second or successive § 2255 motion:

2   - OPINION AND ORDER

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(g).

## DISCUSSION

Defendant was sentenced on January 8, 2019, and the judgment was entered the following day. He did not file a notice of appeal, so his judgment became final when the time for filing a notice of appeal expired or fourteen days after the judgment was entered. See Fed. R. App. P. 4(b)(1)(A); *United States v. Gilbert,* 807 F.3d 1197, 1199 (9th Cir. 2015) (if the defendant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires). For purposes of Defendant's § 2255 motion, his judgment became final on January 22, 2019, and Defendant needed to file his § 2255 motion by January 22, 2020. None of the exceptions contained in § 2255(f) pertains to Defendant's current ineffective assistance of counsel motion. His claim was neither delayed by a government impediment nor based on a right newly recognized by the Supreme Court. And the facts supporting Defendant's claim were known at the time of Defendant filed his first § 2255 motion.

Defendant's previous § 2255 motion alleged ineffective assistance of counsel and I ruled on it as such. ECF Nos. 267, 269. Before filing a second § 2255 motion, the Defendant must procure a certificate from the Ninth Circuit allowing him to file a second § 2255 motion. Defendant did not do this. Defendant's failure to obtain such a certification prevents me from considering his motion. *United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009) (district

court does not have jurisdiction to address claims in a second or successive § 2255 motion without first obtaining permission from the Circuit Court.)  Even if Defendant had applied to the Ninth Circuit for a certificate, I doubt he would have been successful.  Defendant's current ineffective assistance of counsel claim does not involve newly discovered evidence but is founded on his contention that defense counsel should have filed a motion to suppress based on a warrantless search of a storage unit.  28 U.S.C. § 2255(h)(1).  The evidence to support Defendant's claim that defense counsel provided ineffective assistance of counsel because counsel failed to file a motion to suppress was available at the time of his first § 2255 motion.[1]  Defendant's contention that the government's conduct was outrageous is precluded because it is not based on newly discovered evidence and because it does not allege ineffective assistance of counsel.  *Id.*  Finally, the Supreme Court has not made retroactive a new rule of constitutional law applicable to Defendant.  28 U.S.C. § 2255(h)(2).

## CONCLUSION

The Government's Motion to Dismiss Defendant's Second § 2255 motion, ECF No. 283, is GRANTED.  Defendant's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255, ECF No. 281, is DISMISSED.  The Court decline to issue a certificate of appealability.  All other pending motions are denied as MOOT.

IT IS SO ORDERED.

DATED April 4, 2022.

/s/ Robert E. Jones
Robert E. Jones
United States District Judge

---

[1]  Defendant's claim regarding a warrantless search appears to fail on the merits too.  According to the Government, a search warrant was obtained for the storage unit in question.  EDF No. 283 at 7.

4   - OPINION AND ORDER